# STATE v. BROWN.

No. 1838. Decided December 17, 1907 (93 Pac. 52).

1. CORPORATIONS—PROOF OF CORPORATE EXISTENCE. Under Revised Statutes 1898, section 4859, providing that in a criminal case the existence of a corporation need not be shown by the articles or act of incorporation, but may be proved by general reputation or by the statutes of the state by which the corporation was created, testimony that a company was a corporation organized under the laws of a certain state is incompetent; this not being proof by reputation.

2. FORGERY—UTTERING FORGED INSTRUMENT—INFORMATION—MATERIAL ALLEGATION. The allegation that the company was a corporation, in an information charging that defendant knowing the instrument to be forged, and with intent to damage a certain company, a corporation organized under certain laws, uttered and passed as true to a bank a writing purporting to be a check, is a material allegation.

3. WORDS AND PHRASES — "REPUTATION." "Reputation" is what is generally said of a person by the people of the community where he is known.

APPEAL from District Court, Salt Lake County; Geo. G. Armstrong, Judge.

Arthur Brown appeals from a conviction.

REVERSED, AND NEW TRIAL GRANTED.

*Powers & Marioneaux* for appellant.

*M. A. Breeden,* Attorney General, *F. C. Loofbourow,* District Attorney, and *A. R. Barnes,* Assistant Attorney General, for the State.

While it may be true that it is only necessary in a case like the one at bar to prove that a corporation exists *de facto,* yet that can be proven only by general reputation, and general reputation, as stated by our supreme court in the case of the State v. Marks, can only be proven by some person who knows the general reputation, so declares and is thus able to testify. (*State v. Thompson,* 23 Kan. 338; *Smith v. Compton,* 67 N. J. Law 557; 98 Ind. 147.)

It will be remembered that this is a criminal case. That the same rules of evidence apply upon the question of sanity and insanity in a criminal case as apply to any other branch of the case. And it is well settled in this state that in a criminal case the burden is never shifted from the prosecution to the defense. (*People v. Tracy,* 1 Utah 343; *People v. Tidwell,* 4 Utah 512; *People v. Callaghan,* 4 Utah 55; *People v. Dillon,* 8 Utah 98; *Polk v. State,* 19 Ind. 172; *People v. McCann,* 16 N. Y. 58; *Hoffs v. People,* 31 Ill. 385.)

We contend the very fact that the defendant having forged a check of this company admitted its incorporation. (*Sasser v. State,* 13 Ohio 453.)

And further, we submit that the question of incorporation does not become material for the reason that the offense would be equally one whether the company was actually incorporated or not so long as it was acting as a corporation. (*People v. Ah Sam,* 41 Cal. 160; *People v. Frank,* 28 Cal. 507.)

The court instructed the jury upon this point as follows: "The law presumes every man to be sane and accountable for all his acts, and in this proceeding the burden of proof to show that the defendant is not sane rests upon the defendant." We submit that these instructions correctly state the law. (*People v. Calton,* 5 Utah 451; *People v. Dillon,* 8

Utah 92; *People v. Meyers,* 20 Cal. 518; *People v. Coffman,* 24 Cal. 230; *People v. M'Donell,* 47 Cal. 134; *People v. Messersmith,* 61 Cal. 246; *People v. Pico,* 62 Cal. 50 *People v. Hettick,* 126 Cal. 425, 58 Pac. 918; *State v. Larkins* [Idaho], 47 Pac. 945; *State v. Trout* [Iowa], 38 N. W. 405; *Commonwealth v. Rogers* [Mass.], 51 Am. Dec. 458; *Ortwein v. Commonwealth,* 76 Penn. St. 414, 18 Am. 420; *Parsons v. State,* 81 Alabama 577, 60 Am. 193; *State v. Redemeier,* 71 Mo. 173; 36 Am. 462.)

McCARTY, C. J.

The defendant was tried and convicted for the crime of forgery. The information, so far as material here, alleges: "That the said Arthur Brown, at the county of Salt Lake, in the state of Utah, on the 21st day of May, A. D. 1906, did then and there willfully, unlawfully, feloniously, and knowing the same to be false, forged and counterfeited, and with intent to prejudice, damage, and defraud the Utah Apex Mining Company, a corporation duly organized and existing under the laws of the state of Maine, utter, publish, and pass as true and genuine to and upon the Commercial National Bank a certain false and counterfeited writing or paper purporting to be a check, commonly called a 'bank check,' the tenor whereof is as follows [then follows the description of the check.]" To prove the existence of the corporation mentioned in the information the district attorney, over the objections made by defendant, was permitted to ask W. C. Orem, a witness for the state, and the witness was allowed to answer the following questions: "Q. Mr. Orem, what, if any, mining companies are you interested in? A. The Utah Apex Mining Company . . . and others. Q. I will ask you what sort of a company the Utah Apex Mining Company is? A. It is a corporation organized under the laws of Maine. Q. I will ask you, what, if any, business that corporation carries on within this state? A. The business of mining." Other questions were asked by the district

attorney, and answered by the witness, in which the corporate existence of the company was assumed, but no testimony such as the statute requires to prove corporate existence in cases of this kind was offered at the trial. In fact, the only testimony in the record that tends in any degree to show that the company in question was a corporation is that given by the witness Orem, and timely objections were made to his testimony on this point, on the ground that it was incompetent, immaterial, and irrelevant. The action of the court in overruling the objections is assigned as error.

Section 4859, Revised Statutes 1898, provides that:

"If upon a trial or proceeding in a criminal case, the existence, constitution or powers of any corporation shall become material, or be in any way drawn in question, it is not necessary to produce a certified copy of the articles or acts of incorporation, but the same may be proved by general reputation, or by the printed statutes of the state or government or country by which such corporation was created."

Defendant, appellant here, contends that, as the statute has pointed out but two ways in which a corporate existence in criminal cases may be proved, all other ways or methods of proving this fact are excluded; while, on the other hand, counsel for the state contend that, as the existence of the corporation was material only as a matter of description, the evidence under consideration was sufficient. But matters of description, when essential, must be proved by competent evidence, the same as every other material issue in a criminal case. Now, the statute provides that the existence of a corporation in a case like the one at bar may be shown in two ways: First, by the charter or act of incorporation; and, second, by general reputation. In this case the state attempted to bring itself within the foregoing provisions of the statute, and to prove the corporate existence by reputation, but failed to do so. Reputation is what is generally said of a person by the people of the community, where he is known. And, when the subject of inquiry is a corporation, the same rule governs that controls in the introduction of evidence respecting

the reputation of a natural person. Therefore it was incumbent upon the state to prove that the company in question was generally reputed to be a corporation in the community where it is known. In other words, before the defendant could be legally convicted, it was necessary to prove the corporate existence of the company either by its charter or act of incorporation or by evidence showing that the people in the community where the company was known in speaking of it generally referred to it as a corporation. But, as we have stated, no evidence of this character was produced at the trial. The testimony given by W. C. Orem on this point in no way tended to prove the corporation by general reputation, and was therefore incompetent, and it was error for the court to admit it.

At the conclusion of the introduction of evidence in the case, defendant requested the court to instruct the jury to return a verdict of not guilty. The refusal of the court to instruct the jury as requested is also assigned as error. The allegation that the Utah Apex Mining Company was a corporation was one of the material allegations of the information, and, the state having failed to produce any competent evidence whatever in support of this allegation, the defendant was entitled to an instruction from the court directing a verdict of not guilty, and the failure of the court to so instruct the jury was error.

The judgment must therefore be reversed and a new trial granted. It is so ordered.

STRAUP and FRICK, JJ., concur.